IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03641-RTG

JEANNE M. MCCARTHY,

    Plaintiff,

v.

PARKER POLICE DEPARTMENT COLORADO,
LESLIE MATTERN, Badge # 2104,
CASEY CASHMAN, Badge # 0106, and
CHRISTINE DURBIN, PPD Dispatch,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff Jeanne M. McCarthy has filed *pro se* an amended Complaint (ECF No. 4), asserting claims for relief pursuant to 42 U.S.C. § 1983. She has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (*See* ECF No. 5).

    The Court has authority to screen Plaintiff's pleadings pursuant to Rule 8.1(a) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil and 28 U.S.C. § 1915(e)(2)(B). The Court must construe these filings liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, Plaintiff will be directed to file a second amended Complaint, <u>on the court-approved general Complaint form</u>.

## I. The Amended Complaint

Plaintiff alleges in the amended Complaint that on November 12, 2023, she was "parked inside [her] garage and was ordered to step outside and was treated aggressively and physically thrown against the wall after politely declining to take a roadside sobriety test." (ECF No. 4 at 4). Plaintiff further alleges that "[e]xtreme pressure was applied to both arms and was aggressively shoved against a brick wall, then dragged me down the inclined driveway and pushed me in the police car causing me to suffer a fall." (*Id.*). Plaintiff claims that she was unlawfully arrested without a warrant and subjected to an unreasonable search and the use of excessive force by Defendant Leslie Mattern, a Parker police officer, and that defendant Mattern made false statements in the affidavit in support of probable cause, in the police report, and in court testimony. (*Id.*). Plaintiff states that she suffered "severe pain in [her] shoulders" as well as "knee pain" because of Defendant Mattern's use of force. (*Id.* at 5). Plaintiff further alleges that Defendant Cashman, a Parker police officer, "influenced and tampered with witness and violated privacy acts," and that Defendant Christine Durbin, a police dispatcher, "claimed to be a witness and failed to report yet provided a written statement." (*Id.* at 4). Plaintiff requests monetary and equitable relief. (*Id.* at 5).

## II. Discussion

### A. Pleading Requirements of Rule 8

Rule 8(a) of the Federal Rules of Civil Procedure provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2)

a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

"[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff 's well-pleaded factual contentions, not h[er] conclusory allegations." *Hall*, 935 F.2d at 1110. Therefore, Plaintiff must file a pleading that states specific facts to support the claims for relief that she asserts. To comply with Rule 8, Plaintiff must "explain what each defendant did to h[er]; when the defendant did it; how the defendant's action harmed h[er]; and, what specific legal right the plaintiff believes the defendant violated." *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Plaintiff's allegations in support of her claims are vague and conclusory. She will be directed to file a second amended Complaint that complies with the pleading requirements of Fed. R. Civ. P. 8(a). In preparing the second amended Complaint, Plaintiff should keep in mind the legal standards discussed below.

### B. Claims Against Defendant Mattern

Plaintiff's allegations that she was arrested and searched without probable cause and subjected to the use of excessive force during an arrest implicate the Fourth Amendment. *See Graham v. Connor,* 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth

Amendment.").

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S.CONST. amend. IV. "[T]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *Brigham City v. Stuart,* 547 U.S. 398, 403 (2006).

"In the context of a false arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime." *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). Where the plaintiff is "arrested pursuant to a validly issued - if not validly supported - arrest warrant" and the plaintiff's suit "challenges the probable-cause determination that generated the legal process," the claim is one for malicious prosecution, not false imprisonment. *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013). *See also Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008) (if the plaintiff has been imprisoned "with legal but wrongful process," the claim is one for malicious prosecution under the Fourth Amendment).

To state an arguable malicious prosecution claim under § 1983, Plaintiff must allege specific facts to satisfy the following five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). To meet

the favorable termination element (element two), Plaintiff must allege facts to "show that the criminal prosecution ended without a conviction." *Thompson v. Clark*, 596 U.S. 36, 39 (2022).

"Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing, . . . reasonableness generally requires the obtaining of a judicial warrant." *Vernonia School Dist. 47J v. Acton,* 515 U.S. 646, 653 (1995). In the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement. *See Kentucky v. King,* 563 U.S. 452, 459-60 (2011).

The Court's inquiry regarding a Fourth Amendment excessive force claim "is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham*, 490 U.S. at 397. Reasonableness is evaluated under a totality of the circumstances approach, which requires the court to consider and balance the following factors: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [s]he is actively resisting arrest or attempting to evade arrest by flight." *Id*. at 396. "If the plaintiff can prove that the officers used greater force than would have been reasonably necessary to effect a lawful arrest, [s]he is entitled to damages resulting from that excessive force." *Cortez v. McCauley*, 478 F.3d 1108, 1127 (10th Cir. 2007).

In the second amended Complaint, Plaintiff should allege all facts known to her that support her Fourth Amendment claims asserted against Defendant Mattern.

### C. Claims Against Defendants Cashman and Durbin

Plaintiff makes vague and conclusory allegations in the amended Complaint that Defendant Cashman, a Parker police officer, "influenced and tampered with witness and violated privacy acts," and that Defendant Christine Durbin, a police dispatcher, "claimed to be a witness and failed to report yet provided a written statement." (ECF No. 4 at 4).

To pursue relief under 42 U.S.C. § 1983, Plaintiff must allege specific facts to show a violation of her constitutional rights under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In the second amended Complaint, Plaintiff must state facts showing entitlement to relief against Defendants Cashman and Durbin for violation of her federal constitutional rights.

### D. Claims Against Parker Police Department

Plaintiff's Section 1983 claims asserted against the Parker Police Department are construed as claims against the Town of Parker ("Parker"). *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993). Section 1983 claims asserted the Defendant Parker police officers and dispatcher in their official capacities are also construed as claims against Parker. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (explaining that claims against a government official in his or her official capacity should be treated as being asserted against the governmental entity).

To show an entitlement to relief against Parker, Plaintiff must allege specific facts to demonstrate she suffered an injury caused by a municipal policy or custom. *See*

*Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010). Local government entities are not liable under § 1983 solely because their employees inflict injury on a plaintiff. *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Moreover, Plaintiff cannot show an entitlement to relief against Parker merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

In the second amended Complaint, Plaintiff must allege specific facts to show that her alleged constitutional injuries were caused by a policy or custom of the Town of Parker.

### III. Conclusion

Plaintiff is directed to file a second amended Complaint, keeping in mind the legal standards set forth above. Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website." <u>Therefore, the second amended Complaint must be submitted on the court-approved general Complaint form</u>.

Plaintiff is advised that she may choose to contact the Federal Pro Se Clinic at (303) 824-5395 or https://www.cobar.org/cofederalproseclinic for possible assistance in this matter. The Federal Pro Se Clinic is located on the first floor of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver CO 80294.

Accordingly, it is

ORDERED that Plaintiff shall file, **within 30 days from the date of this Order**, a second amended Complaint on the court-approved general Complaint form. It is

FURTHER ORDERED that Plaintiff shall obtain a copy of the court-approved general Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Plaintiff fails to file a second amended Complaint within the time allowed, some or all of this action may be dismissed.

DATED November 17, 2025.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge