**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*3:19 pm, Apr 24, 2026*
**JEFFREY P. COLWELL, CLERK**

Civil Action No.        25-CV-03641-RTG _____
(To be supplied by the court)

JEANNE Mc CARTHY _____ , Plaintiff

v.

OFFICER LESLIE MATTERN _____ ,

OFFICER CASEY CASHMAN _____ ,

SERGEANT MARK TERREAULT _____ ,

CHRISTINE DURBIN PPD DISPATCH _____ , Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.*)

---

**AMENDED COMPLAINT**

---

| **NOTICE** |
|---|
| Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. <br><br> **Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.** |

## A.    PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

JEANNE M Mc CARTHY 11577 Larkspur Drive, Parker CO 80134

   (Name and complete mailing address)

720-477-8717  mjenann@gmail.com

   (Telephone number and e-mail address)

## B.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:    Officer Leslie Mattern 18600 Lincoln Meadows Pkwy. Parker, CO 80134

         (Name and complete mailing address)

         (303) 841-9800

         ( Telephone number and e-mail address if known)

Defendant 2:    Officer Casey Cashman 18600 Lincoln Meadows Pkwy. Parker, CO 80134

         (Name and complete mailing address)

         (303) 841-9800

         (Telephone number and e-mail address if known)

Defendant 3:    Sergeant Mark Terrault 18600 Lincoln Meadows Pkwy. Parker, CO 80134

         (Name and complete mailing address)

         (303) 841-9800

         (Telephone number and e-mail address if known)

Defendant 4:    Christine Durbin 18600 Lincoln Meadows Pkwy. Parker, CO 80134

         (Name and complete mailing address)

         (303) 841-9800

         (Telephone number and e-mail address if known)

C.       **JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

[XX] Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

**42 U.S.C. § 1983**

[ ] Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of COLORADO.

If Defendant 1 is an individual, Defendant 1 is a citizen of_____.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of_____(name of state or foreign nation).

Defendant 1 has its principal place of business in_____(name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

3

### D.    STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: **42 U.S.C. § 1983 – Fourth Amendment: Unlawful Entry and False Arrest**

(Against Defendants Mattern, Cashman, and Terreault)

Supporting facts:

1.   Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein. At all times relevant to this claim, Defendant Mattern was acting under color of state law in her capacity as a Parker Police Department Officer.

2.   .  Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, including warrantless entry onto her private property and arrest without probable cause.

3.   . Defendant Mattern, without a warrant, exigent circumstances, or consent, entered Plaintiff's private property and arrested her without probable cause.

4.   . The court record reflects that the Determination of Probable Cause to Detain affidavit was not executed or signed by a judicial officer.

5.   .  During sworn testimony at the DOR hearing, the arresting officer admitted under oath that she did not speak with the witness, Alyssa Vossler, prior to the arrest.

6.    Defendants Cashman and Terreault failed to intervene to stop the unlawful arrest and entry.

7.    The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff's damages.

8.    As a direct result of Defendants' unlawful actions as described above, Plaintiff suffered actual physical, emotional, and economic injuries in an amount to be proven at trial.

## CLAIM TWO:  42 U.S.C. § 1983 – Fourth Amendment: Excessive Force
### (Against Defendant Mattern)

Supporting facts:

1.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2.  Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from excessive and unreasonable force.

3.  Defendant Mattern unlawfully and excessively grabbed, pulled, pushed, and dragged Plaintiff, slammed her against a brick wall, threw Plaintiff's personal property onto the pavement, and forcibly pushed Plaintiff into the backseat of a patrol vehicle in a manner causing injury.

4.  Defendant Mattern's actions were objectively unreasonable in light of the facts and circumstances confronting her.

5.  Defendant Mattern's actions were undertaken intentionally, maliciously, willfully, wantonly, and/or in reckless disregard of Plaintiff's federally protected rights.

6.  Defendant Cashman observed the excessive force and failed to intervene.

7.  The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff's damages.

8.  As a direct result of Defendant Mattern's unlawful actions, Plaintiff suffered significant physical injuries, including knee damage, shoulder pain, bruising of her arms, and lasting physical impairment, as well as emotional injuries and economic losses, in an amount to be proven at trial.

## CLAIM THREE: 42 U.S.C. § 1983 – Fourth Amendment: Unreasonable Search and Seizure
### (Against Defendants Mattern and Cashman)

Supporting facts:

1.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2.  Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from unreasonable searches and seizures of her person and property.

3.  Defendants Mattern and Cashman, without consent, without exigent circumstances, and absent probable cause, searched Plaintiff's person aggressively—twice—and searched her purse.

4.  Defendant Mattern seized and destroyed Plaintiff's personal property, including her $250 sunglasses and $1,200 mobile phone, by throwing them onto the pavement.

5.  The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff's damages.

5

6. As a direct result of Defendants' unlawful actions, Plaintiff suffered economic damages including the destruction of personal property, and further emotional distress and humiliation, in an amount to be proven at trial.

## CLAIM FOUR: 42 U.S.C. § 1983 – Fifth Amendment: Compelled Self-Incrimination
### (Against Defendant Mattern)

Supporting facts:

1. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2. Plaintiff had a clearly established constitutional right under the Fifth Amendment to be free from compelled self-incrimination.

3. While shining a high-lumen light directly into Plaintiff's eyes, Defendant Mattern subjected Plaintiff to a coercive and prolonged interrogation, demanding answers to questions including: "Where were you? Where are you coming from? What did you do? Did you eat? Did you drink? What did you drink? How many? What route did you take? Do you know what route you took? How did you get home?"

4. Plaintiff ultimately exercised her right to remain silent and declined to answer further questions.

5. Defendant Mattern's visible anger and escalating conduct in response to Plaintiff's invocation of her rights further violated Plaintiff's Fifth Amendment protections.

6. The acts or omissions of Defendant were the legal and proximate cause of Plaintiff's damages.

## CLAIM FIVE : 42 U.S.C. § 1983 – Fourteenth Amendment: Due Process / Malicious Prosecution
### (Against All Defendants)

Supporting facts:

1. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2. .Plaintiff was detained and arrested without probable cause, without a warrant, and without exigent circumstances, in violation of her Fourteenth Amendment rights to due process.

3. The Probable Cause to Detain Determination affidavit was not executed or signed by a judicial officer.

4. Defendant Terreault falsely justified the warrantless entry by stating officers had "every right to be on your property" due to a "fresh pursuit", a fabrication unsupported by the dispatch records or any evidence.

5. The acts or omissions of each Defendant, including the false and misleading statements made to justify the arrest, were the legal and proximate cause of Plaintiff's damages.

6. As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered actual physical, emotional, reputational, and economic injuries, including the trauma of a wrongful criminal prosecution, in an amount to be proven at trial.

## CLAIM SIX: 42 U.S.C. § 1983 – Unconstitutional Customs, Policies, and practices

### (Against Defendant Parker Police Department)

1. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2. Parker Police Department failed to properly train, supervise and discipline its employees,

Including all defendants, with respect to the use of excessive force, omitting many practice disclosures, for example reading the Miranda rights to a suspect who is about to be interrogated.

3. Parker Police Department failure to, in its supervisory duties, adequately train, supervise, discipline, and investigate its officers despite having a sergeant present on site.

4. .Parker Police Department policies, customs, practices and protocols in handling non-exigent circumstances and a low priority (P-3) call magnifies a system disconnect and failure.

5. The acts or omissions of each Defendant, including the unconstitutional policy, procedure, protocol, custom described herein were the legal and proximate of Plaintiff's damages.

6. As a direct result of Defendants actions and negligence as described above, Plaintiff has been and continues to be damaged from actual physical, emotional and economic injuries in an amount to be proven at trial

7. The actions or omissions of Parker Police Department as described herein deprived Plaintiffof the rights, privileges, liberties, and immunities secured by the Constitution Of The United States Of America and caused her subjection to humiliation.

**Click to File Additional Claim - Page will appear at end of document**

## E.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against each of the Defendants, and award her all relief allowed by law, including but not limited to the following:

- All appropriate relief at law and equity;

- Declaratory relief and other appropriate equitable relief;

- Economic losses on all claims as allowed by law, including destruction of personal property;

- Compensatory and consequential damages, including damages for physical injury, emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law, in an amount to be determined at trial;

- Punitive damages on all claims allowed by law and in an amount to be determined at trial;

- Future Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;

- Pre- and post-judgment interest at the appropriate lawful rate; and

- Any further relief that this Court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**
Respectfully submitted this 20th day of April, 2026.

**F.    PLAINTIFF'S SIGNATURE**

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Jeanne M Mcarthy*

(Plaintiff's signature)

April 20TH,2026

(Date)

(Revised December 2017)