**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO**

Civil Action No.    25-CV-03641-RTG
(To be supplied by the court)

**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*10:45 am, Apr 27, 2026*
**JEFFREY P. COLWELL, CLERK**

JEANNE Mc CARTHY                                    , Plaintiff

v.

OFFICER LESLIE MATTERN                              ,

OFFICER CASEY CASHMAN                               ,

SERGEANT MARK TERRAULT                              ,

CHRISTINE DURBIN PPD DISPATCH                       , Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B.  Do not include addresses here.*)

---

**COMPLAINT**

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

**A.      PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

JEANNE M Mc CARTHY 11577 Larkspur Drive, Parker CO 80134
　(Name and complete mailing address)
720-477-8717  mjenann@gmail.com
　(Telephone number and e-mail address)

**B.      DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant <u>listed</u> in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B.  DEFENDANT(S) INFORMATION."*

Defendant 1:   Officer Leslie Mattern 18600 Lincoln Meadows Pkwy. Parker, CO 80134
　　(Name and complete mailing address)

　　(303) 841-9800
　　(Telephone number and e-mail address if known)

Defendant 2:    Officer Casey Cashman 18600 Lincoln Meadows Pkwy. Parker, CO 80134
(Name and complete mailing address)
　(303) 841-800
　　(Telephone number and e-mail address if known)

Defendant 3:    Sergeant Mark Terreault 18600 Lincoln Meadows Pkwy. Parker, CO 80134
　　(Name and complete mailing address)
　(303) 841-800
　　(Telephone number and e-mail address if known)

Defendant 4:    Christine Durbin 18600 Lincoln Meadows Pkwy. Parker, CO 80134
　　(Name and complete mailing address)
　(303) 841-800
　　(Telephone number and e-mail address if known)

2

**C.      JURISDICTION**

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

[X]

Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

**42 U.S.C. § 1983**
Fourth Amendment, Fifth Amendment, Fourteenth Amendment.

[ ]

Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of COLORADO                                  .

If Defendant 1 is an individual, Defendant 1 is a citizen of _____ .

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of                                 (name of state or foreign nation).

Defendant 1 has its principal place of business in                              (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

3

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim.  You do not need to cite specific legal cases to support your claim(s).  If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

### The REDDI Report Call

1.  On November 12, 2023, at 5:35 PM, a civilian Reddi Reporter (RR), Alyssa Vossler, placed a 10-digit call reporting an "intoxicated or distracted driver." The call was received by Parker Police Dispatch Operator Debra Daily and classified as a Priority3 non-emergency. (See Dispatch Audio and pg. 1 of 14 'Ditto' transcript.)

Vossler stated the location as: "We're coming off Stroh, about to turn Northbound onto Parker Rd." Vossler was unable to identify the vehicle's color, stating, "I can't tell because it's dark," and further stated she did not get a look at the driver, then added, "He just got over."

2. The dispatcher stated: "Now, if we're able to locate the vehicle." And: "We'll get someone dispatched." (See Pg 4 of 'Ditto' transcript and Dispatch Audio DA.)

3. Defendant Mattern asserts that she was advised of the home address where Plaintiff resides, at 11577 Larkspur Drive, Parker, Colorado 80134. However, the dispatcher does not advise Defendant Mattern to drive to Plaintiff's home and wait three houses down. The dispatcher stated: "Okay. Now if we're able to locate the vehicle and the party is driving under the influence, are you willing to sign as a witness?" Followed by: "Alright. We'll get an officer dispatched." (See Dispatch Audio DA and Ditto transcript Pg 4, lines 12–16.)

4

*"D. STATEMENT OF CLAIMS."*

**Plaintiff Returns Home**

4. At approximately 5:46 PM, Plaintiff and her daughter, Angie, returned home. Plaintiff noticed a patrol vehicle parked three houses down, beneath an illuminated street lamp. The conditions were dark, yet the neighborhood was unusually well-lit. The home was undisturbed, peaceful, and quiet inside and out.

5. Plaintiff was parked perfectly within a confined space, with the garage door nearly fully closed.

**Defendant Mattern's Unlawful Entry and Use of Excessive Force**

6. On November 12, 2023, at 5:47 PM, Defendant Mattern, while acting under color of law, trespassed onto Plaintiff's private property without a warrant, exigent circumstances, or consent, in violation of Plaintiff's Fourth Amendment rights.

7. Defendant shouted: "Parker Police, can you open please!?" Plaintiff was startled and immediately perceived the loudness and tone as a command. Plaintiff has a preexisting trauma causing a persistent fear of law enforcement. Plaintiff complied and reactivated the garage to open.

8. Defendant Mattern directed a high-lumen flashlight into Plaintiff's eyes, causing pain and irritation, while asking a series of interrogating questions: "Where were you? What did you do? Where did you come from? What route did you take? Do you remember the route you took home? Did you eat? Did you have anything to drink? What did you drink? How many?"

9. Plaintiff admitted to consuming one drink, which had been consumed approximately four hours before the home intrusion. Plaintiff provided a credit card receipt confirming the time of purchase.

10. Plaintiff declined Field Sobriety Tests, politely stating: "No. I'm home." Defendant Mattern became visibly upset. Plaintiff stated she would not be answering further questions. Defendant's anger escalated: "Okay. Well then, you're not going anywhere."

11. Defendant Mattern ordered Plaintiff to "Step outside!" Plaintiff firmly replied, "No." Defendant then asked: "Well then, do you mind if I come inside?" Plaintiff replied: "Yes. I mind…Yes. I mind."

12. Defendant Mattern entered the garage, shouting, "You're not safe. Jeanne, you're not safe!" Plaintiff replied: "I'm home. Yes, I am safe."

13. Defendant Mattern entered the garage, then aggressively grabbed Plaintiff by the arm and forced her out of the garage. Plaintiff was near a wall of shelving and was attempting to secure her purse, mobile phone, and sunglasses. Defendant Mattern used excessive force— jerking, tugging, and pulling Plaintiff, pushing her up against a brick wall, and digging and tightly queezing Plaintiff's arms, causing multiple bruises and pain. Defendant shouted:"Stop moving!" Plaintiff replied: "Seriously? You're moving me."

14. Defendant Mattern aggressively yanked the sunglasses from Plaintiff's head and threw them to the pavement, breaking them beyond repair (valued at $250). Defendant also grabbed

5

*"D. STATEMENT OF CLAIMS."*

Plaintiff's phone and threw it to the pavement, causing scratches to the glass and cracking the protective cover, requiring replacement. Defendant did not allow Plaintiff to remove her cross-body shoulder bag and, in her agitation, cuffed the purse to Plaintiff's wrist.

15. Plaintiff was detained at 5:51 PM. (See Dispatch CAD notes.) Defendant Mattern failed multiple attempts to release the purse and required backup to assist. Defendant Mattern conducted an aggressive search of Plaintiff's person and purse without consent, while still attempting to detach the purse. Defendant then aggressively dragged Plaintiff down the inclined driveway and ordered her to stand in front of the patrol vehicle. (See pg. 31 of DOR hearing: "So I had to push her up against the wall to get the handcuffs on.")

**Arrival of Defendant Cashman and Second Search**

16. At 5:53 PM, Defendant Casey Cashman arrived without a warrant, exigent circumstances, or consent. (See Dispatch CAD notes.) In his police report, Defendant Cashman documents arriving at 4:47 PM—an apparent discrepancy. Defendant Cashman used his key to unlock and release the purse from Plaintiff's wrist.

17. A second, even more aggressive search occurred, with Defendant Cashman watching. Defendant Mattern lifted Plaintiff's shirt, exposing her abdomen. Plaintiff was totally humiliated as neighbors watched from windows and garages, who later asked and texted messages such as, "Oh my god! Are you okay?"

18. Plaintiff was led to the back of Defendant Mattern's patrol vehicle and pushed into the backseat, causing her to fall hard. One leg was stretched to the left (behind the driver's side) and the other (right leg) was folded and pinned beneath Plaintiff's body, lodged outside the vehicle in the curb. Defendant Mattern ordered Plaintiff to "Get up!" Plaintiff replied: "No. I can't move. You have to pick me up." Defendant

Cashman lifted Plaintiff and seated her upright. Defendant Cashman said nothing to Defendant Mattern about the use of excessive force.

19. After a 3 to 4 minutes encounter, Plaintiff was handcuffed, detained, and charged with DUI and Obstruction at 5:51 PM. (See CAD report Pg 5 of 14.) No probable cause existed. The Probable Cause to Detain Determination was not executed and was not signed by a judiciary officer.

**Physical Injuries Sustained by Plaintiff**

20. Plaintiff's right knee locked and buckled as a result of how she was placed in the patrol vehicle. As Plaintiff waited for the medical team to arrive, she slowly rotated her ankle and was able to get the knee joint to fall back into place. Defendant Mattern insisted on taking Plaintiff to the hospital for medical clearance.

*"D. STATEMENT OF CLAIMS."*

21. The following morning, Plaintiff awoke with excruciating knee pain. She could not apply weight or pressure. Getting in and out of bed was difficult. This lasted approximately three weeks. To this day, Plaintiff's knees have never been the same —the bones make crackling sounds and randomly lock or buckle. Plaintiff can no longer perform free-standing squats, walk on a treadmill without holding on, or use stairs without gripping handrails.

22. Plaintiff has suffered many sleepless nights due to shoulder and knee pain caused by Defendant Mattern's excessive use of force.

### Defendant Sergeant Terreault's Failure to Supervise

23. Defendant Sergeant Terreault arrived on scene and did not say or do anything to stop his officer's unlawful arrest, and did not take any action to protect Plaintiff from police misconduct.

24. Sergeant Terreault was contacted by Plaintiff's ex-spouse, Terry Kassem, who explained they resided together and that he was very concerned for Plaintiff's safety. Mr. Kassem stated that he was not home but watched everything unfold from his home security cameras and wanted to know why officers were on the property without a warrant.

25. Defendant Terreault stated: "My officers had every right to be on your property, because your wife was involved in a fresh pursuit." This reply was fabricated to justify an unwarranted intrusion where no emergency existed.

### Defendant Mattern's False Statements Regarding Dispatch and Location

26. Throughout all reports, affidavits, DOR hearings, and court testimony, Defendant Mattern documented that she responded first to 16900 Crowfoot Valley Road and N.

Pinery Pkwy.—an address outside of her jurisdiction, which she admitted during the DOR hearing. (See page 37 of DOR hearing.) Defendant Mattern then struck through 16900 and changed her documentation to "In the area of" Crowfoot Valley Road and North Pinery Parkway.

27. Neither of these addresses is mentioned or included in the audio/video discovery. When asked by Dispatch where the reporter was located, the Reddi Reporter replied: "We are getting ready to turn North on Parker Road coming off Stroh." (See Dispatch audio and CAD report Pg 1 of 14.)

28. The Motions Hearing was held before Judge Lawrence Bowling on September 24, 2024. Officer Leslie Mattern was sworn and took the stand as the People's witness. During Direct Examination, Sarafina Ramalho, Esq. (for the People) asked: "And where were you on November 12, around 5:35 PM?" Mattern responded: "I was on patrol and dispatched to a REDDI report, which stands for report every drunk driver immediately, in the area of Crowfoot Valley and North Pinery Parkway." Officer Mattern was not dispatched to this address. (See dispatch call from Reddi Reporter and 'Ditto' transcript page one.) (See pg. 4 of Aapex Legal Services, LLC transcript.)

*"D. STATEMENT OF CLAIMS."*

29. During sworn testimony at the Department of Revenue (DOR) hearing, Defendant Mattern admitted under cross-examination: "I did not review the dispatch calls, and I did not speak to Alyssa, so I cannot testify to that." Officer Mattern reiterated: "Again, I did not speak to Alyssa." (See 'Ditto' transcript: Page 39, line 19, and Page 40, line 3.)

**Witness Discrepancies: Durbin and Vossler**

30. The second named defendant, Christine Durbin, a Dispatch Operator for the Parker Police Department, did not call 911. Durbin provided a witness statement at approximately 9:30 p.m. Durbin's initials (CD) are notated on page 6 of 14 at approximately 5:57 p.m. and again on page 12 of 14 at approximately 6:36 p.m. of the PPD CAD record.

31. Line five of Durbin's witness statement states: "that car stayed in front of me." In contrast, the Reddi Reporter stated: "Way back, I followed him on Crow." (See page 1, line 22 of Ditto Transcript.) During a recorded call, Vossler further stated: "It was the car, in front of the car, in front of me."—stated twice. This is recorded on Defendant Cashman's body cam and included in the Discovery.

32. On July 3, 2025, while under oath and facing the jury, Vossler asserted that she followed behind the driver the entire time. Plaintiff is awaiting the court transcript, ordered in early September 2025.

33. Officer Cashman and Christine Durbin were listed as witnesses for the Prosecution. Both were dropped one day before the criminal (DUI) trial. Plaintiff was informed by her Public Defender, Erica Anderson, on July 1, 2025.

34. It is remarkable to note in a prior testimony before the DOR hearing officer, Mattern stated that she never spoke to the witness Vossler (pg. 39 and 40) "again, I did not speak to Alyssa".

## Medical Report and intake contradicting officer Mattern's observations

35. On officer Mattern choosing of the medical facility to have Plaintiff medically evaluated, Mattern chose HCA Health One Skyridge ER, located at 12223 Pine Bluffs Way, Parker CO 80124. 39. There and On November 12, 2023, at 18::17, the Plaintiff was seen by the attending physician, Prince, Garrett, Toma,

MD. The medical report, and in brief, revealed and within minutes after the arrest the following: Eyes: Conjunctiva clear, Sclera non-icteric, Psych: Appropriate, cooperative.

Neuro: Alert, moves all extremities equally, normal speech, alert and oriented, eyes clear, no tearing or redness, pupils equal. See Emergency report exam: Page 4 of 5. Doctor Toma, Disposition Decision: Discharge: )( Discharged to Home: Yes; )( Time: 18:28 )( Date: 11/12/2023.

*"D. STATEMENT OF CLAIMS."*

36. After a comprehensive examination, two medical professionals did not observe any redness in the eyes, or Slurring in the speech. The Medical report recommended a discharge to home.

37. Despite the Medical professionals clearing the Plaintiff to go home, Mattern proceeded to drive the Plaintiff to Douglas county Detention facility in castle rock and book her on DUI charges.

38. While at the detention facility, Mattern had Plaintiff handcuffed to a concrete bench for at least One hour, while completing her paperwork. It was unnecessary and painful and Plaintiff was in Pain caused by overly tight handcuffs

## CLAIM ONE: 42 U.S.C. § 1983 – Fourth Amendment: Unlawful Entry and False Arrest

### (Against Defendants Mattern, Cashman, and Terreault)

Supporting facts:

1. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein. At all times relevant to this claim, Defendant Mattern was acting under color of state law in her capacity as a Parker Police Department Officer.

2. Plaintiff had a clearly established constitutional right under the Fourth Amendment to the United States Constitution to be free from unreasonable searches and seizures, including warrantless entry onto her private property and arrest without probable cause.

3. Defendant Mattern, without a warrant, exigent circumstances, or consent, entered Plaintiff's private property and arrested her without probable cause.

4. The court record reflects that the Determination of Probable Cause to Detain affidavit was not executed or signed by a judicial officer.

5. During sworn testimony at the DOR hearing, the arresting officer admitted under oath that she did not speak with the witness, Alyssa Vossler, prior to the arrest.

6. Defendants Cashman and Terreault failed to intervene to stop the unlawful arrest and entry.

7. The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff's damages.

8. As a direct result of Defendants' unlawful actions as described above, Plaintiff suffered actual physical, emotional, and economic injuries in an amount to be proven at trial.

9

*"D. STATEMENT OF CLAIMS."*

### CLAIM TWO:  42 U.S.C. § 1983 – Fourth Amendment: Excessive Force
### (Against Defendant Mattern)

Supporting facts:

1.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2.  Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from excessive and unreasonable force.

3.  Defendant Mattern unlawfully and excessively grabbed, pulled, pushed, and dragged Plaintiff, slammed her against a brick wall, threw Plaintiff's personal property onto the pavement, and forcibly pushed Plaintiff into the backseat of a patrol vehicle in a manner causing injury.

4.  Defendant Mattern's actions were objectively unreasonable in light of the facts and circumstances confronting her.

5.  Defendant Mattern's actions were undertaken intentionally, maliciously, willfully, wantonly, and/or in reckless disregard of Plaintiff's federally protected rights.

6.  Defendant Cashman observed the excessive force and failed to intervene.

7.  The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff's damages.

8.  As a direct result of Defendant Mattern's unlawful actions, Plaintiff suffered significant physical injuries, including knee damage, shoulder pain, bruising of her arms, and lasting physical impairment, as well as emotional injuries and economic losses, in an amount to be proven at trial.

### CLAIM THREE: 42 U.S.C. § 1983 – Fourth Amendment: Unreasonable Search and Seizure
### (Against Defendants Mattern and Cashman)

Supporting facts:

1.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2.  Plaintiff had a clearly established constitutional right under the Fourth Amendment to be free from unreasonable searches and seizures of her person and property.

*"D. STATEMENT OF CLAIMS."*

3. Defendants Mattern and Cashman, without consent, without exigent circumstances, and absent probable cause, searched Plaintiff's person aggressively—twice—and searched her purse.

4. Defendant Mattern seized and destroyed Plaintiff's personal property, including her $250 sunglasses and $1,200 mobile phone, by throwing them onto the pavement.

5. The acts or omissions of each Defendant were the legal and proximate cause of Plaintiff's damages.

6. As a direct result of Defendants' unlawful actions, Plaintiff suffered economic damages including the destruction of personal property, and further emotional distress and humiliation, in an amount to be proven at trial.

## CLAIM FOUR: 42 U.S.C. § 1983 – Fifth Amendment: Compelled Self-Incrimination
### (Against Defendant Mattern)

Supporting facts:

1. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2. Plaintiff had a clearly established constitutional right under the Fifth Amendment to be free from compelled self-incrimination.

3. While shining a high-lumen light directly into Plaintiff's eyes, Defendant Mattern subjected Plaintiff to a coercive and prolonged interrogation, demanding answers to questions including: "Where were you? Where are you coming from? What did you do? Did you eat? Did you drink? What did you drink? How many? What route did you take? Do you know what route you took? How did you get home?"

4. Plaintiff ultimately exercised her right to remain silent and declined to answer further questions.

5. Defendant Mattern's visible anger and escalating conduct in response to Plaintiff's invocation of her rights further violated Plaintiff's Fifth Amendment protections.

6. The acts or omissions of Defendant were the legal and proximate cause of Plaintiff's damages.

*"D. STATEMENT OF CLAIMS."*

CLAIM FIVE : **42 U.S.C. § 1983 – Fourteenth Amendment: Due Process / Malicious Prosecution**

(Against All Defendants)

Supporting facts:

1.  Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2.  .Plaintiff was detained and arrested without probable cause, without a warrant, and without exigent circumstances, in violation of her Fourteenth Amendment rights to due process.

3.  The Probable Cause to Detain Determination affidavit was not executed or signed by a judicial officer.

4.  Defendant Terreault falsely justified the warrantless entry by stating officers had "every right to be on your property" due to a "fresh pursuit", a fabrication unsupported by the dispatch records or any evidence.

5.  The acts or omissions of each Defendant, including the false and misleading statements made to justify the arrest, were the legal and proximate cause of Plaintiff's damages.

6.  As a direct and proximate result of Defendants' unlawful actions, Plaintiff suffered actual physical, emotional, reputational, and economic injuries, including the trauma of a wrongful criminal prosecution, in an amount to be proven at trial.

**CLAIM SIX: 42 U.S.C. § 1983 – Unconstitutional Customs, Policies, and practices**

(Against Defendant Parker Police Department)

1. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

2. Parker Police Department failed to properly train, supervise and discipline its employees,

   Including all defendants, with respect to the use of excessive force, omitting many practice disclosures, for example reading the Miranda rights to a suspect who is about to be interrogated.

3. Parker Police Department failure to, in its supervisory duties, adequately train, supervise, discipline, and investigate its officers despite having a sergeant present on site.

4. .Parker Police Department policies, customs, practices and protocols in handling non-exigent circumstances and a low priority (P-3) call magnifies a system disconnect and failure.

*"D. STATEMENT OF CLAIMS."*

5. The acts or omissions of each Defendant, including the unconstitutional policy, procedure, protocol, custom described herein were the legal and proximate of Plaintiff's damages.

6. As a direct result of Defendants actions and negligence as described above, Plaintiff has been and continues to be damaged from actual physical, emotional and economic injuries in an amount to be proven at trial

7. The actions or omissions of Parker Police Department as described herein deprived Plaintiff of the rights, privileges, liberties, and immunities secured by the Constitution Of The United States Of America and caused her to subjection to humiliation.

## E.    REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against each

of the Defendants, and award her all relief allowed by law, including but not limited to the following:

- All appropriate relief at law and equity;

- Declaratory relief and other appropriate equitable relief;

- Economic losses on all claims as allowed by law, including destruction of personal property;

- Compensatory and consequential damages, including damages for physical injury, emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law, in an amount to be determined at trial;

- Punitive damages on all claims allowed by law and in an amount to be determined at trial;

- Future Attorneys' fees and the costs associated with this action, including expert witness fees, on all claims allowed by law;

- Pre- and post-judgment interest at the appropriate lawful rate; and

- Any further relief that this Court deems just and proper, and any other relief as allowed by law.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**
Respectfully submitted this 20th day of April, 2026.

## F.      PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

*Jeanne M Mcarthy*

  (Plaintiff's signature)

April 20TH,2026

  (Date)

(Revised December 2017)

15