## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-03641-SKC-CYC

JEANNE M. McCARTHY

      Plaintiff,

v.

PARKER POLICE DEPARTMENT COLORADO,
OFFICE LESLIE MATTERN, Badge #2104,
OFFICER CASEY CASHMAN, Badge #0106,
SERGEANT MARK TERRAULT, and
CHRISTINE DURBIN, PPD Dispatch,

      Defendants.

---

## DEFENDANTS LESLIE MATTERN, CASEY CASHMAN AND CHRISTINE DURBIN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

---

The Defendants Leslie Mattern, Casey Cashman and Christine Durbin ("Defendants"), by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, submit the following Answer and Affirmative Responses to Plaintiff's Amended Complaint as follows:

### The REDDI Report Call

1. The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 1 therefore same are denied.

2. The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2, therefore, same are denied.

3. Defendants affirmatively state that the actual terms of the dispatch audio speak for themselves and denies the allegations to the extent the actual contents of those audio recordings are mischaracterized.

**Plaintiff Returns Home**

4. The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 4 therefore same are denied.

5. The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 5 therefore same are denied.

**Defendant Mattern's Unlawful Entry and Use of Excessive Force**

6. Defendants deny the allegations contained in paragraph 6.

7. The Defendants admit announcing his presence at the Plaintiff's residence. Defendants are without sufficient information to form a belief as to the truth or falsity of the remaining allegations, therefore same are denied.

8. Defendants deny the allegations contained in paragraph 8.

9. With respect to paragraph 9, the Defendants affirmatively state that the plaintiff's statements – which are unidentified – speak for themselves.

10. With respect to paragraph 10, the Defendants affirmatively state that the actual statements by the parties speak for themselves and denies paragraph 10 to the extent those statement are misidentified.

11. With respect to paragraph 11, the Defendants affirmatively state that the actual statements by the parties speak for themselves and denies paragraph 11 to the extent those statement are misidentified.

2

12.    With respect to paragraph 12, the Defendants affirmatively state that the actual statements by the parties speak for themselves and denies paragraph 12 to the extent those statement are misidentified.

13.    Defendants deny the allegations contained in paragraph 13.

14.    Defendants deny the allegations contained in paragraph 14.

15.    With respect to paragraph 15, the Defendants admit that the Plaintiff was detained. All other allegations are denied.

### Arrival of Defendant Cashman and Second Search

16.    Defendants deny the allegations contained in paragraph 16.

17.    Defendants deny the allegations contained in paragraph 17.

18.    With respect to paragraph 18, the Defendants deny the allegations in paragraph 18 to the extent the actual interactions are mischaracterized.

19.    With respect to paragraph 19, the Defendants admit that the Plaintiff was charged with DUI.  All other allegations are denied.

### Physical Injuries Sustained by Plaintiff

20.    The Defendants are without sufficient to form a belief as to the nature of the Plaintiff's injuries.  All other allegations are denied.

21.    The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 21 therefore same are denied.

22.    The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 22 therefore same are denied.

### Defendant Sergeant Terreault's Failure to Supervise

3

23.     The Defendants deny utilizing excessive use of force.

24.     The Defendants deny the allegations contained in paragraph 24 to the extent the conversations described are mischaracterized

25.     Defendants deny the allegations contained in paragraph 25.

**Defendant Mattern's False Statements Regarding Dispatch and Location**

26.     The Defendants deny the allegations contained in paragraph 26 to the extent that their reports, affidavits and testimony are mischaracterized.

27.     The Defendants deny the allegations contained in paragraph 27 to the extent that their reports, affidavits and testimony are mischaracterized.

28.     The Defendants deny the allegations contained in paragraph 28 to the extent the testimony at the motions hearing is mischaracterized.

29.     The Defendants deny the allegations contained in paragraph 29 to the extent the testimony at the motions hearing is mischaracterized.

**Witness Discrepancies:  Durbin and Vossler**

30.     With respect to paragraph 30, the Defendants affirmatively state that the witness statements speak for themselves and denies the allegations to the extent the contents of those witness statements are mischaracterized.

31.     With respect to paragraph 31, the Defendants affirmatively state that the witness statements speak for themselves and denies the allegations to the extent the contents of those witness statements are mischaracterized.

4

32.    The Defendants affirmatively state that the testimony under oath speaks for itself and denies the allegations in paragraph 32 to the extent it mischaracterizes the contents of the testimony.

33.    The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 33 therefore same are denied.

34.    The Defendants affirmatively state that the testimony before the DOR clearly speaks for itself and denies the allegations contained to the extent they are inconsistent with the actual terms of the testimony.

**Medical Report and Intake Contradicting Officer Mattern Observations**

35.    The Defendants admit that the Plaintiff was admitted to the identified hospital.  The Defendants are without sufficient information to form a belief as to the contents of the medical reports which speak for themselves.

36.    The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 36 therefore same are denied.

37.    The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 37 therefore same are denied.

38.    The Defendants admit that Plaintiff was handcuffed but is without sufficient information to form a belief as to the balance of the remaining allegations, therefore same are denied.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. § 1993 - Fourth Amendment: Unlawful Entry and False Arrest**
**(Against Defendants Mattern, Cashman, and Terreault)**

1.    All prior responses are incorporated herein.

2.      The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 therefore same are denied.

3.      Defendants deny the allegations contained in paragraph 3.

4.      Defendants deny the allegations contained in paragraph 4.

5.      With respect to paragraph 5, the Defendants affirmatively state that the statements under oath speak for themselves.

6.      The Defendants deny the allegations of unlawful arrest and entry.

7.      Defendants deny the allegations contained in paragraph 7.

8.      Defendants deny the allegations contained in paragraph 8.

### SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1993 - Fourth Amendment: Excessive Force
### (Against Defendant Mattern)

1.      All prior responses are incorporated herein.

2.      The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 therefore same are denied.

3.      Defendants deny the allegations contained in paragraph 3.

4.      Defendants deny the allegations contained in paragraph 4.

5.      Defendants deny the allegations contained in paragraph 5.

6.      Defendants deny the allegations contained in paragraph 6.

7.      Defendants deny the allegations contained in paragraph 7.

8.      Defendants deny the allegations contained in paragraph 8.

### THIRD CLAIM
### 42 U.S.C. § 1983 - Fourth Amendment: Unreasonable Search and Seizure
### (Against Defendants Mattern, Cashman, and Terreault)

6

1. All prior response are incorporated herein.

2. The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 therefore same are denied.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1993 Fifth Amendment: Compelled Self-Incrimination
### (Against Defendant Mattern)

1. All prior responses are incorporated herein.

2. The Defendants are without sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph 2 therefore same are denied.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

5. Defendants deny the allegations contained in paragraph 5.

6. Defendants deny the allegations contained in paragraph 6.

## FIFTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Fourteenth Amendment: Due Process/ Malicious Prosecution
### (Against All Defendants)

1. All prior response are incorporated herein.

2. Defendants deny the allegations contained in paragraph 2.

3. Defendants deny the allegations contained in paragraph 3.

4. Defendants deny the allegations contained in paragraph 4.

7

5.　　Defendants deny the allegations contained in paragraph 5.

6.　　Defendants deny the allegations contained in paragraph 6.

7.　　Defendants deny the allegations contained in paragraph 7.

### SIXTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – Unconstitutional Customs, Policies, and Practices
### (Against Defendant Parker Police Department)

1.　　All prior responses are incorporated herein.

2.　　Defendants deny the allegations contained in paragraph 2.

3.　　Defendants deny the allegations contained in paragraph 3.

4.　　Defendants deny the allegations contained in paragraph 4.

5.　　Defendants deny the allegations contained in paragraph 5.

6.　　Defendants deny the allegations contained in paragraph 6.

7.　　Defendants deny the allegations contained in paragraph 7.

### AFFIRMATIVE DEFENSES

1.　　Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

2.　　The actions of Defendant were at all times justified.

3.　　At all times, Defendant acted in good faith and in accordance with all common law, statutory and Colorado constitutional obligations.

4　　Plaintiff's cause of action may be barred by as the terms of C.R.S. § 13-21-131 are unconstitutional, as applied.

5.　　Defendant's actions complied with all constitutional, statutory, and common-law obligations.

6.  Plaintiffs may have failed to reasonably mitigate damages, if any.

7.  Plaintiff's claims may be barred or limited by the common law doctrine of official immunity.  *See*, Leake v. Cain, 720 P.2d 152 (Colo. 1986); Moody v. Ungerer, 885 P.2d 200, 204-05 (Colo. 1994); Walker v. Denver, 720 P.2d 619 (Colo. App. 1986).

8.  Plaintiff's claims are limited or barred by their own actions including comparative fault and assumption of risk.

9.  Plaintiff failed to mitigate her damages by leaving the scene unattended by medical personnel or by otherwise failing to follow all appropriate medical directives from health care personnel.

10.  Plaintiff's claims are barred or limited by the provisions of the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et seq.*

11.  Plaintiff's Amended Complaint improperly adds a claim of exemplary damages as prohibited by the procedures required under C.R.S. § 13-21-102(1.5).

12  Defendant incorporates by reference all affirmative defenses pled by any other Defendant in this action.

## PRAYER FOR RELIEF

Defendant requests that this Court find in favor of Defendant and against Plaintiffs, dismiss Plaintiff's claims against Defendant with prejudice, award Defendant all costs and fees permitted by law, and award Defendant such further relief as this Court deems proper.

## THE DEFENDANT DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE

Respectfully submitted this 13th day of August 2026.

/s/ Victor M. Morales
Ryan A. Williams
Victor M. Morales
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, Colorado 80202
Tel: (303) 572-5300
Fax: (303) 573-5301
Email: ryan.williams@wilsonelser.com
victor.morales@wilsonelser.com

*Attorneys for Defendants Leslie Mattern, Casey Cashman and Christine Durbin*

10

## CERTIFICATE OF SERVICE

I certify that on this 13th day of August 2026, a true and correct copy of the foregoing **DEFENDANTS LESLIE MATTERN, CASEY CASHMAN AND CHRSTINE DURBIN'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT** was electronically filed with the Clerk of Court and served to the parties of record using the CM/ECF system.

/s/ Victor M. Morales
Ryan A. Williams
Victor M. Morales
Wilson Elser Moskowitz Edelman & Dicker LLP
1225 17th Street, Suite 1700
Denver, Colorado 80202
Tel: (303) 572-5300
Fax: (303) 573-5301
Email: ryan.williams@wilsonelser.com
victor.morales@wilsonelser.com

*Attorneys for Defendants Leslie Mattern, Casey Cashman and Christine Durbin*