IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03641-SKC-CYC

JEANNE MCCARTHY,

Plaintiff,

v.

OFFICER LESLIE MATTERN,
OFFICER CASEY CASHMAN,
SERGEANT MARK TERRAULT,
CHRISTINE DURBIN PPD DISPATCH,

Defendants.

---

**ORDER**

---

**Cyrus Y. Chung, United States Magistrate Judge.**

This matter is before the Court on the plaintiff's motion for appointment of pro bono counsel to aid the plaintiff in the prosecution of this case. ECF No. 53. Oral argument will not materially assist in the resolution of this matter, and the motion is appropriately considered without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d).

True, pro bono counsel would aid the plaintiff, as it would in many pro se cases. Unfortunately, at this point, the plaintiff's request is premature and, as such, for the reasons that follow, the motion, ECF No. 53, is **DENIED without prejudice**.

**BACKGROUND**

The plaintiff initiated this action by filing a pro se complaint on November 12, 2025. ECF No. 1. She was granted leave to proceed in forma pauperis, ECF No. 5. The plaintiff has amended her complaint several times. ECF No. 4, 21–26. In her amended complaint, she asserts

that the defendants violated her Fourth Amendment, Fifth Amendment, and Fourteenth Amendment rights. ECF No. 26.

**ANALYSIS**

A district court cannot appoint pro bono counsel; instead, it can only ask an attorney to take the case. *Moaz v. Denver Int'l Airport*, 747 F. App'x 708, 711 (10th Cir. 2018) (unpublished) (citing *Rachel v. Troutt*, 820 F.3d 390, 396-97 (10th Cir. 2016)). In deciding whether to request counsel for a civil litigant, a court evaluates "the merits of a [litigant's] claims, the nature and complexity of the factual issues, and the [litigant's] ability to investigate the facts and present h[er] claims." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (citations omitted); *accord* D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) (reiterating those factors). "The burden is on the applicant to convince the court that there is sufficient merit to h[er] claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (citation omitted).

At this stage, the plaintiff falls short of carrying that burden. She, for instance, provides very little to support her motion, only addressing the nature and complexity of her case. Thereby, she only considers one of the four factors noted in D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv). This alone is sufficient to deny her motion. *See, e.g.*, *Moore v. Little*, No. 16-CV-00198-PAB-STV, 2017 WL 11510283, at *1 (D. Colo. Apr. 6, 2017). This may be due to a formatting error — even the lines that are in the motion appear to cut off in the middle of a word, indicating that perhaps whatever content the plaintiff intended to input did not show up in the filed version.

Still, there is more reason to deny the motion. This case is still in its very early stages — not all defendants have been served and the Court has not yet held a Scheduling Conference. *See Diaz v. USI Ins. Servs.*, No. 18-CV-03280-NYW, 2019 WL 13444833, at *2 (D. Colo. Mar. 8, 2019). To be sure, "having counsel appointed would . . . assist[] h[er] in presenting h[er]

strongest possible case," but "the same could be said in any case." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). And while there is little reason to doubt the general difficulty of handling a federal lawsuit, the actual subject matter of the plaintiff's complaint is not amongst the most complex that find their way into federal court.

In sum, the plaintiff's motion is denied because it fails to address the factors listed in D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv), is at an early stage, is not overly complex from a reading of the complaint, it is yet unclear how meritorious the plaintiff's claims are. Should the plaintiff's circumstances materially change, the plaintiff may renew her request for appointment of counsel at a later date. *See McCullon v. Parry*, No. 18-cv-00469-NYW, 2019 WL 4645436, at *5 (D. Colo. Sept. 24, 2019) (appointing pro bono counsel under the factors of D.C.COLO.LAttyR 15(f)(1)(B)(i)-(iv) "given that this matter is now moving to trial").

**CONCLUSION**

For the foregoing reasons, the Motion for Appointment of Counsel, ECF No. 53, is **DENIED without prejudice**.

Entered and dated this 1st day of September, 2026, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge