IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-03641-SKC-CYC

JEANNE MCCARTHY,

Plaintiff,

v.

OFFICER LESLIE MATTERN,
OFFICER CASEY CASHMAN,
SERGEANT MARK TERRAULT,
CHRISTINE DURBIN PPD DISPATCH,

Defendants.

---

**MINUTE ORDER**

---

**Entered by Cyrus Y. Chung, United States Magistrate Judge, on November 23, 2026.**

Before the Court is the Plaintiff's Motion for Extension of Time or Continuance, ECF No. 68. The plaintiff seeks additional time to serve defendant Terrault and for leave to serve him by substituted service under the Colorado Rules of Civil Procedure. The Court finds it appropriate to rule on this motion without a response from the defendants. *See* D.C.COLO.LCivR 7.1(d). For good cause shown, the motion, ECF No. 68, is **GRANTED IN PART**, and the deadline for service on Terrault is EXTENDED to **January 7, 2027**. The request for substituted service under Colorado Rule of Civil Procedure 4(f) is **DENIED without prejudice**.

Colorado Rule of Civil Procedure 4(f) provides that substituted service is available when "a party attempting service of process by personal service under section (e) is unable to accomplish service." Colo. R. Civ. P. 4 requires that the substituted service, among other things, be "reasonably calculated to give actual notice to the party," but when the U.S. Marshal Service failed to serve Terrault on September 2, 2026, it stated, "Unable to Locate" and "Moved Out of State," as the reasons service was not completed. ECF No. 60 at 3.

The first attempted service on Terrault failed at his former employer on June 5, 2026. *See* ECF No. 34. The only other attempt appears to have been on September 2, 2026 at his last known address, when the Marshals reported that Terrault could not be located there and that he had moved out of state. *See* ECF No. 60. While the plaintiff asserts that additional research has shown that Terrault still resides at his last known home address, it is not clear that substituted service would be "reasonably calculated to give actual notice to the party." The additional research does not actually indicate that Terrault still resides at that address: nothing indicates when the photos appearing in the real-estate listing were taken, and given that the house has not

yet been sold, it is unsurprising that it is still registered in county records to Terrault. The plaintiff may conduct additional research and renew the request for substituted service if necessary or provide another address at which the Marshals may attempt service. However, the fact that Terrault has not been served at his last-known address, on its own, will not likely demonstrate that he is evading service. *See Reali v. Bd. of Cnty. Comm'rs*, No. 19-CV-0603 MV/SMV, 2019 WL 6496929, at *3 (D.N.M. Dec. 3, 2019) (finding plaintiff had not shown defendant was avoiding service where defendant had not been home during three attempts).