**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03641-SKC-CYC

JEANNE M. McCARTHY,

Plaintiff,

v.

OFFICER LESLIE MATTERN,
OFFICER CASEY CASHMAN,
SERGEANT MARK TERREAULT, and
CHRISTINE DURBIN, PPD Dispatch,

Defendants.

---

# SCHEDULING ORDER

---

## 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A Scheduling Conference was held on November 24, 2026, at 10:15 AM in Courtroom C-201, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. Counsel attending the scheduling conference are:

Jeanne M. McCarthy, *Pro Se*
11577 Larkspur Drive
Parker, CO 80134
Telephone: (720) 477.8717
mjenann@gmail.com

Victor M. Morales, Esq.
Wilson Elser Moskowitz Edelman & Dicker, LLP
1225 17th Street, Suite 1700
Denver, CO 80202
Telephone: (303) 572.5300
Victor.Morales@wilsonelser.com

## 2. STATEMENT OF JURISDICTION

This court has original jurisdiction over this civil action pursuant to Plaintiff's

Complaint under 42 U.S.C. § 1983.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiff alleges that on November 12, 2023, Parker Police Department officers responding to a low-priority call entered her property and garage without a warrant, consent, or exigent circumstances; used excessive force in removing and detaining her, injuring her knee, shoulder, and arms; destroyed her personal property; questioned her in custody without Miranda warnings; and arrested and booked her on a DUI charge without probable cause, even though the emergency room physician who examined her shortly after the arrest found no signs of impairment and recommended discharge home. Plaintiff asserts the following claims under 42 U.S.C. § 1983: (1) Fourth Amendment unlawful entry and false arrest (against Defendants Mattern, Cashman, and Terreault); (2) Fourth Amendment excessive force (against Defendant Mattern); (3) Fourth Amendment unreasonable search and seizure, including destruction of property (against Defendants Mattern and Cashman); (4) Fifth Amendment compelled self-incrimination (against Defendant Mattern); (5) Fourteenth Amendment due process and malicious prosecution (against all Defendants); and (6) unconstitutional customs, policies, and practices, including failure to train and supervise (against the Parker Police Department). Plaintiff seeks compensatory and punitive damages, declaratory and other equitable relief, costs, attorneys' fees as allowed by law, and interest.

**b. Defendant**

The Defendants deny the Plaintiff's allegations, deny that they violated her constitutional rights and assert that they are immune from liability under concepts of qualified and official immunity and the Colorado Governmental Immunity Act.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. On November 12, 2023, Plaintiff was detained by officers of the Parker Police Department, handcuffed, taken to HCA HealthONE Sky Ridge Medical Center, and charged with Driving Under the Influence.

## 5. COMPUTATION OF DAMAGES

**a. Plaintiff**

Plaintiff seeks the following damages, which she will supplement under Fed. R. Civ. P. 26(a)(1)(A)(iii) and 26(e) as information becomes available:

(1) Economic damages: destruction of personal property, including sunglasses ($250) and a mobile phone ($1,200), for a total of $1,450; medical expenses for treatment of her knee, shoulder, and arm injuries in an amount to be determined ; and other out-of-pocket losses caused by the arrest and prosecution also to be determined.

(2) Non-economic damages for physical pain and suffering, emotional distress, humiliation, reputational harm, and loss of enjoyment of life, in an amount to be determined by the jury.

(3) Punitive damages against the individual Defendants in an amount to be determined by the jury.

(4) Costs, attorneys' fees as allowed by 42 U.S.C. § 1988 if Plaintiff retains counsel, and pre- and post-judgment interest.

**b. Defendant**

None. Defendants do not assert damages but reserve the right to claim any and all attorneys' fees and costs incurred.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held by telephone on October 13, 2026.

**b. Names of each participant and party he/she represented.**

Jeanne McCarthy, *Pro Se*

Victor Morales, Attorney for Defendants Officer Leslie Mattern Badge #2104, Officer Casey Cashman, Badge #0106, and Christine Durbin

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties will serve their initial Fed. R. Civ. P. 26(a)(1) disclosures by November 20, 2026.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None. The Parties' Rule 26(a)(l) disclosures will be supplemented, as necessary, pursuant to F.R.C.P. 26(e).

**e. Statement concerning any agreements to conduct informal discovery.**

The Parties agree to cooperate for purposes of discovery. However, at this time, the Parties have no agreement to conduct informal discovery.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The Parties do not anticipate that their claims or defenses are so complex that any other formal agreement need be reached in order to reduce such costs. Should the documents or discovery become cumbersome, the Parties will discuss how to efficiently reduce discovery and other litigation costs.

The parties agree that documents produced by either Party shall be bates labeled. Any documents withheld or redacted pursuant to a claim of privilege will be recorded in a privilege log. Any redactions will be made in black. The Parties will use a running exhibit list in depositions.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

The Parties do not anticipate the Parties' claims or defenses will involve extensive electronically stored information. Should extensive electronically stored disclosures be requested, however, the Parties agree to seek a balance in regard to the burden of that disclosure as provided for under Fed. R. Civ. P. 26.

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The Parties agree to engage in settlement discussions/negotiations informally as the case proceeds and will discuss mediation as appropriate based on those discussions.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge. Defendant Terreault has not yet been served.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

Each side may take up to seven (7) depositions, exclusive of experts as provided by Fed. R. Civ. P. 30(a)(2)(A)(i). The presumptive number of 25 interrogatories will be followed.

**b. Limitations which any party proposes on the length of depositions.**

The parties agree that the depositions of Plaintiff and of each individual Defendant shall not exceed 7 hours each, as provided by Fed. R. Civ. P. 30(d)(1). All other fact witness depositions are limited to 4 hours each unless the parties agree otherwise or the Court orders otherwise. For retained experts, depositions shall not exceed 7 hours.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

The parties propose a limitation of 25 requests for production and 25 requests for admission for each side. If during discovery either party believes they need

additional requests for production or requests for admission, the Parties will confer to determine if an agreement can be reached regarding the additional requests. Any changes to the limitations in the Scheduling Order must be approved by the Court, including those upon which the parties agree. If the Parties cannot agree upon additional requests in writing, the party seeking additional requests will file a motion to amend the Scheduling Order.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

30 days before discovery cut-off.

**e. Other Planning or Discovery Orders**

If a discovery dispute arises during an on-going deposition, the parties must jointly call Magistrate Judge Chung's chambers. For all other discovery disputes, the movant must email Chung_Chambers@cod.uscourts.gov, copying all parties, with a brief description of the dispute and a request for a Discovery Conference. *See* D.C.COLO.MJ VI.

## 9. CASE PLAN AND SCHEDULE

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

**January 15, 2027**

**b. Discovery Cutoff:**

**June 30, 2027**

**c. Dispositive Motion Deadline:**

**No later than 10 days after the close of discovery,** a party intending to file a motion for summary judgment must meaningfully confer with the opposing party and jointly contact chambers by email to set a pre-motion status conference with the Court. If no party seeks to file a motion for summary judgment, the parties shall jointly contact Judge Crews' chambers to obtain dates for a final pretrial conference.

**d. Rule 702 Deadline:**

The deadline for filing these motions is the same as the date set for the Final Pretrial Conference. In other words, if the Court sets the Final Pretrial Conference for March 5, 2026, the deadline for filing Rule 702 motions is March 5, 2026.

**e. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

Plaintiff: Medical testimony regarding Plaintiff's knee, shoulder, and arm injuries, including from treating providers; police practices, use of force, and DUI investigation procedures; Emotional distress.

Defendant: Expert on the topic of police standards. Any expert necessary to rebut any expert witness disclosed by the Plaintiff.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

Neither Party shall name more than one retained expert in a particular field, and each Party shall be limited to 2 retained experts. This does not include non-retained, treating experts.

**3.** The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **March 30, 2027 (3 months before discovery cut-off).**

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 25, 2027.**

**f. Identification of Persons to Be Deposed:**

| ***Name of Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| Plaintiff | Up to 7 hours |
| Experts<br><br><br>Defendants Mattern, Cashman and Durbin | Up to 7 hours per expert, including disclosed treating providers.<br><br>Up to 7 hours each |
| Defendant Sergeant Mark Terreault (if served) | Up to 7 hours |
| Alyssa Vossler (reporting party) | Up to 4 hours |
| Fed. R. Civ. P. 30(b)(6) designee(s) of the Town of Parker / Parker Police Department | Up to 7 hours |
| HCA HealthONE Sky Ridge emergency department personnel who examined Plaintiff | Up to 3 hours each |

At the time of the submission of the Scheduling Order, the parties had not exchanged Initial Disclosures. The parties reserve the right to seek depositions of individuals other than those on this preliminary list as discovery progresses, subject to limitations expressly set forth in this Scheduling Order. All depositions must be completed on or before the discovery cut-off date and the parties must comply with the notice and scheduling requirements set for in D.C.COLO.LCivR 30.1.

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

None at this time.

**b.** District Judge Crews presides over the Final Pretrial Conference which he combines with the Trial Preparation Conference. *See* Section D of District Judge Crews' Standing Order for Civil Cases. Judge Crews will set a conference date after the Dispositive Motion Deadline has passed and the Court has issued rulings on all such motions, or if no dispositive motions have been filed and the deadline is passed. The Parties' proposed Final Pretrial Order is due at least seven days before the combined Final Pretrial Conference/Trial Preparation Conference, and a Word version should also be emailed to Judge Crews' Chambers at crews_chambers@cod.uscourts.gov.

## 11. OTHER SCHEDULING MATTERS

**a.** Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

None

**b.** Anticipated length of trial and whether trial is to the court or jury.

The trial of this matter will be to a jury and the parties anticipate that it may take five (5) days to complete trial.

**c.** Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-

2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None at this time.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at Denver, Colorado, this 24th day of November, 2026.

BY THE COURT:



Cyrus Y. Chung
United States Magistrate Judge

APPROVED AS SUBMITTED ON [date]:

*[to be signed only upon Plaintiff's written approval]*
Jeanne M. McCarthy, *Pro Se*
11577 Larkspur Drive
Parker, CO 80134
(720) 477.8717
mjenann@gmail.com

*/s/ Victor M. Morales*
Victor M. Morales
Elser Moskowitz Edelman & Dicker LLP
1225 17th St, Suite 1700
Denver, Colorado 80202
Telephone: (303) 572-5336
Email: Victor.Morales@wilsonelser.com
***Attorneys for Defendants* Officer Leslie Mattern Badge #2104, Officer Casey Cashman, Badge #0106, and Christine Durbin, PPD**